**In the United States Court of Appeals
for the Eleventh Circuit**

◆

**JANICE ELLERY AND LILIAN PATINO,**
*Plaintiffs-Appellants,*

V.

**FAY SERVICING, LLC**
*Defendant-Appellee.*

◆

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 0:23-cv-60260-MD

◆

**APPELLEE FAY SERVICING, LLC'S
ANSWER BRIEF**

◆

Sara D. Accardi
saccardi@bradley.com
Jacob B. Hanson
jhanson@bradley.com
Bradley Arant Boult
Cummings LLP
1001 Water, Suite 1000
Tampa, FL 33602
(813) 559-5500

*Attorneys for Appellee Fay Servicing, LLC*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, and Eleventh Circuit Rule 26.1-1, Appellee Fay Servicing, LLC provides the following certificate of interested persons:

1. Accardi, Sara of Bradley Arant Boult Cummings LLP, Counsel for Appellee Fay Servicing, LLC

2. Botsford, Bruce of Bruce Botsford, P.A., Counsel for Appellants, Janice Ellery and Lillian Patino, each individually and on behalf of all others similarly situated

3. Bradley Arant Boult Cummings LLP, Counsel for Appellee Fay Servicing, LLC

4. Damian, Melissa, U.S. District Judge

5. Dann Law, Counsel for Appellants Janice Ellery and Lillian Patino, each individually and on behalf of all others similarly situated

6. Ellery, Janice, Appellant

7. Fay Servicing, LLC, Appellee

8. Hanson, Jacob, Counsel for Appellee Fay Servicing, LLC

9. Jackson, Jenice, Appellee/Defendant

10. Law Office of Bruce Botsford, P.A., Counsel for Appellants, Janice Ellery and Lillian Patino, each individually and on behalf of all others similarly situated.

11. Patino, Lillian, Appellant

12. Solar, Daniel M. Counsel for Appellants Janice Ellery and Lillian Patino, each individually and on behalf of all others similarly situated

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-3, Appellee Fay Servicing, LLC provides the following corporate disclosure statement:

Fay Servicing, LLC is a wholly owned subsidiary of Fay Management, LLC, which is a private company. No publicly traded company owns 10% or more of Fay Management, LLC's stock.

/s/ Jacob B. Hanson
One of the Attorneys for Appellee

# STATEMENT REGARDING ORAL ARGUMENT

Appellee Fay Servicing, LLC does not request oral argument in this appeal of an order dismissing for lack of prosecution claims under the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and the Florida Consumer Collections Practices Act. Appellants do not challenge the dismissal for lack of prosecution in their initial brief, requiring affirmance. But even on the merits of their claims, there is ample circuit precedent on these subjects, and the issues can be decided on the briefs without the need for oral argument.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT............................................................i

STATEMENT REGARDING ORAL ARGUMENT ...............................iii

TABLE OF AUTHORITIES...................................................vii

INTRODUCTION............................................................ 1

STATEMENT OF THE ISSUES............................................. 2

STATEMENT OF THE CASE .............................................. 3

I.    Factual Background ........................................................ 3

II.   Procedural History. ...................................................... 4

STANDARD OF REVIEW.................................................. 6

SUMMARY OF THE ARGUMENT ........................................ 7

ARGUMENT ................................................................ 8

I.    This Court should affirm because Appellants failed to challenge the district court's dismissal for lack of prosecution in their initial brief.......................................................... 8

II.   The trial court correctly dismissed Appellants' FDCPA claim because the denial of the short-sale applications did not constitute debt collection activity. ................................. 10

      A.   Appellants cannot argue for the first time on appeal that § 1692e(10) does not require a 'communication.'......... 11

      B.   Appellants induced the district court to consider whether Fay's letters were 'communications' and cannot complain now that the district court's consideration was error...................................... 12

C. The district court correctly concluded that Fay's denial letters were not related to debt collection. ..........................13

 1. Fay's short-sale application denial letters did not seek to collect a debt from Appellants. .......................14

 2. Fay's acts of denying the short-sale applications also did not seek to collect a debt. .............................17

III. The trial court correctly dismissed Appellants' RESPA claim because Fay's loss mitigation decisions are not actionable under 12 C.F.R. § 1024.35(b). .......................................20

A. Fay did not violate 12 C.F.R. § 1024.35(b)(7), which is inapplicable to the facts alleged in the Complaint.............21

B. Fay did not violate 12 C.F.R. § 1024.35(b)(11), which is inapplicable to loss mitigation decisions. ...........................24

 1. Appellants are barred from arguing for the first time on appeal that the NOEs did not relate to loss mitigation evaluations. ........................................25

 2. Appellants conceded before the district court that they did not know whether Fay erred in denying their short-sale applications, so they did not plausibly allege a RESPA claim. ................................26

 3. The trial court correctly ruled that Appellants' NOEs challenged Fay's loss mitigation determination and thus were outside the scope of 1024.35(b)(11)............................................................27

  a. Appellants' NOEs and their Complaint refute argument that they were not challenging the denial of the short-sale applications. ......................................................28

  b. There is no support for Appellants' attempt to distinguish loss mitigation evaluation and implementation under § 1024.35(b). ..........29

CONCLUSION ........................................................................... 33

CERTIFICATE OF COMPLIANCE ......................................... 34

CERTIFICATE OF SERVICE ................................................. 35

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Access Now, Inc. v. Sw. Airlines Co.,*
   385 F.3d 1324 (11th Cir. 2004) .......................................... 9, 12, 17, 26

*Amaechi v. Geico,*
   No. 22-13450, 2024 WL 710546 (11th Cir. Feb. 21, 2024) .................. 9

*Caceres v. McCalla Raymer, Ltd. Liab. Co.,*
   755 F.3d 1299 (11th Cir. 2014) .............................................. 11, 15, 16

*Canty v. Wells Fargo Bank, N.A.,*
   463 F. Supp. 3d 57 (D. Mass. 2020) ....................................... 23

*Cilien v. U.S. Bank Nat'l Ass'n,*
   687 F. App'x 789 (11th Cir. 2017) ......................................... 22

*Daniels v. Select Portfolio Servicing, Inc.,*
   34 F.4th 1260 (11th Cir. 2022) ............................................. 11

*Farquharson v. Citibank, N.A.,*
   664 F. App'x 793 (11th Cir. 2016) ......................................... 15

*Gburek v. Litton Loan Servicing LP,*
   614 F.3d 380 (7th Cir. 2010) ................................................ 11

*Grden v. Leikin Ingber & Winters PC,*
   643 F.3d 169 (6th Cir. 2011) ................................................ 11

*Heath v. Terrell Cnty. Sch. Dist.,*
   815 F. App'x 316 (11th Cir. 2020) ......................................... 9

*McKelvey v. AT & T Techs., Inc.,*
   789 F.2d 1518 (11th Cir. 1986) ............................................. 6, 8

*Mejia v. Ocwen Loan Servicing, LLC,*
   703 F. App'x 860 (11th Cir. 2017) ......................................... 30

*Miljkovic v. Shafritz & Dinkin, P.A.*,
   791 F.3d 1291 (11th Cir. 2015) ................................................... 18, 20

*Naimoli v. Ocwen Loan Servicing, LLC*,
   22 F.4th 376 (2d Cir. 2022) ..................................................... 31, 32, 33

*Nash v. PNC Bank, N.A.*,
   No. CV TDC-16-2910, 2017 WL 1424317 (D. Md. Apr. 20,
   2017) .................................................................................................. 27, 29

*Oxford Asset Mgmt., Ltd. v. Jaharis*,
   297 F.3d 1182 (11th Cir. 2002) ....................................................... 27

*Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*,
   684 F.3d 1211 (11th Cir. 2012) ....................................................... 12

*Pinson v. Albertelli L. Partners LLC*,
   618 F. App'x 551 (11th Cir. 2015) ............................................. 14, 20

*Reese v. Ellis, Painter, Ratterree & Adams, LLP*,
   678 F.3d 1211 (11th Cir. 2012) ....................................................... 11

*Renfroe v. Nationstar Mortg., LLC*,
   822 F.3d 1241 (11th Cir. 2016) ..................................................... 3, 6

*Sapuppo v. Allstate Floridian Ins. Co.*,
   739 F.3d 678 (11th Cir. 2014) ...................................... 9, 10, 17, 24

*Sutton v. CitiMortgage, Inc.*,
   228 F. Supp. 3d 254 (S.D.N.Y. 2017) ............................................. 29

*Tanasi v. CitiMortgage, Inc.*,
   257 F. Supp. 3d 232 (D. Conn. 2017) ............................................. 22

*Taylor v. Exec. Dir. at Fla. Dep't of Highway Safety & Motor
Vehicles*,
   2023 WL 5664169 (11th Cir. Sept. 1, 2023) ................................... 9

*United States v. Harris*,
   443 F.3d 822 (11th Cir. 2006) ......................................................... 12

*Wachovia Bank, N.A. v. United States*,
455 F.3d 1261 (11th Cir. 2006) ........................................... 30

*Wright v. City of St. Petersburg, Fla.*,
833 F.3d 1291 (11th Cir. 2016) ...................................... 6, 27

**Statutes**

15 U.S.C. § 1692a(2) ................................................................. 11

15 U.S.C. § 1692e ...................................................... 4, 10, 14, 20

15 U.S.C. § 1692e(10) ...................................................... *passim*

15 U.S.C. § 1692f .................................................................. 4, 10

Fair Debt Collection Practices Act ................................. *passim*

Fla. Stat. § 559.72(9) ................................................................. 5

Florida Consumer Collections Practice Act ............................. 5

Real Estate Settlement Procedures Act .......................... *passim*

**Other Authorities**

12 C.F.R. § 1024 et seq. ("Regulation X") ...................... *passim*

12 C.F.R. § 1024.35 ........................................... 3, 30, 31, 32

12 C.F.R. § 1024.35(b) .................................................. *passim*

12 C.F.R. § 1024.35(b)(2)(iii) ............................................... 22

12 C.F.R. § 1024.35(b)(7) ......................................... 21, 22, 23, 24

12 C.F.R. § 1024.35(b)(9) ...................................................... 23

12 C.F.R. § 1024.35(b)(11) ............................................ *passim*

12 C.F.R. § 1024.36 .............................................................. 27

12 C.F.R. § 1024.39 ...................................................... 22, 23

12 C.F.R. § 1024.39(b)(2)(iii) ................................................. 22

12 C.F.R. § 1024.41 ................................................. 19, 21

12 C.F.R. § 1024.41(a) ................................................. 19

12 C.F.R. § 1024.41(c) ................................................. 30

Fed. R. App. P. 32(a)(5) ................................................. 35

Fed. R. App. P. 32(a)(6) ................................................. 35

Fed. R. App. P. 32(a)(7)(B) ................................................. 35

Fed. R. App. P. 32(f) ................................................. 35

## INTRODUCTION

This Court should affirm the dismissal of Plaintiffs-Appellants Janice Ellery and Lilian Patino (collectively, "Appellants") consumer claims again Defendant-Appellee Fay Servicing, LLC ("Fay") because their arguments are procedurally barred and legally unsupported.

While Appellants raise new substantive arguments under the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"), they fail to challenge the trial court's dismissal of their case for lack of prosecution. That failure is dispositive.

Moreover, Appellants' substantive arguments are unsupported. Appellants argue Fay violated the FDCPA by denying their loss mitigation applications because, according to Appellants, any loss mitigation determination is an attempt to collect a debt. No case so holds, and such a broad rule has no support in the language of the FDCPA.

Appellants also argue Fay violated RESPA by failing to change its loss mitigation determination or provide a detailed explanation after receiving notices of error under Regulation X. Courts have uniformly rejected Appellants' argument that loss mitigation determinations are covered errors under Regulation X, so the district court did not err.

# STATEMENT OF THE ISSUES

This appeal presents three issues:

*First*, whether this Court must affirm the dismissal of Appellants' action for lack of prosecution because Appellants failed to challenge that ruling in their initial brief.

*Second*, whether the district court correctly dismissed Appellants' FDCPA claim because the allegations in the operative complaint failed to allege any debt collection activity by Fay Servicing, LLC ("Fay").

*Third*, whether the district court correctly ruled Appellants failed to state a claim that Fay violated Regulation X's error resolution procedures under RESPA since loss mitigation determinations are not covered errors.

## STATEMENT OF THE CASE

## I.    Factual Background[1]

Appellants each had residential mortgages that Fay serviced. App. 70–78.[2] After defaulting on their obligations, Appellants submitted short-sale applications to Fay, which Fay rejected because the transactions were "not arm's-length." *Id.*; *see also* App. 91–92 (Fay's denial of Ellery's short-sale application); App. 103–04 (Fay's denial of Patino's short-sale application). Appellants make the conclusory allegation that Fay's determination "was plainly erroneous and misrepresented the purchase offer." App. 71 at ¶ 37; App. 75 at ¶ 55.

After Fay denied the short-sale applications, Appellants sent Notices of Error ("NOEs") under Regulation X, 12 C.F.R. § 1024.35. App. 94–95 (Ellery NOE); App. 106–10 (Patino NOE). Fay responded by reaffirming that the short-sale applications were denied because the transactions were "not arm's-length." App. 97, 99, 112–14.

---

[1] These facts are presented in the light most favorable to Appellants. *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1243 (11th Cir. 2016).

[2] Citations to the Appendix filed by Appellants are denoted as "App. XX," where the page number is the number assigned by the Court's electronic case filing system.

## II.   Procedural History.

On February 10, 2023, Appellants filed this action. App. 10. Appellants struck the initial complaint and filed an amended complaint on February 15, 2023. App. 5 (Docs. 6–7). Appellants then filed a second amended complaint on March 20, 2023 (docketed as the first amended complaint). *Id.* (Doc. 10). Appellants filed a third amended complaint (docketed as the second amended complaint) on March 31, 2023. App. 5–6 (Docs. 11–12). On April 27, 2023, Appellants filed a fourth amended complaint (docketed as the amended complaint) and notice striking the prior complaint.[3] App. 6 (Docs. 20–21). The fourth amended complaint (the "Complaint") is the operative complaint. App. 66–114.

In the Complaint, Appellants brought three claims against Fay: (1) violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692f; (2) violation of the Florida Consumer Collections Practice Act ("FCCPA"), § 559.72(9), Fla. Stat.; and (3) violation of RESPA, 12 C.F.R. 1024.35(e). App. 21–25.

---

[3] In its Order, the district court inadvertently neglected to account for the March 20, 2023 second amended complaint when recounting the procedural history. App. 156. So the district court referred to the operative complaint as the *third* amended complaint (or "TAC"), even though it was the *fourth* amended complaint. For clarity, Fay will refer to the complaint dismissed by the district court as the "Complaint."

<u>Fay moves to dismiss the Complaint</u>

Fay moved to dismiss the Complaint on multiple grounds. App. 6 (Doc. 22). First, Fay argued Appellants lacked Article III standing because they could not demonstrate an injury in fact since Appellants had no right to a short sale. D.C. ECF No. 22 at 6–8.[4]

Second, Fay argued Appellants could not state a claim under the FDCPA or FCCPA because Fay had not attempted to collect a debt. *Id.* at 8–11. Rather, Fay merely responded to Appellants' short-sale applications and NOEs. *Id.*

Third, Fay argued the RESPA claim failed because the NOEs did not raise covered errors under Regulation X. *Id.* at 11–12. Instead, the NOEs related to loss mitigation, which is not a covered error. *Id.*

Appellants responded, and Fay replied. App. 7 (Docs. 25–26).

<u>District court dismisses the Complaint</u>

On June 26, 2024, the district court held oral argument on the motion to dismiss. App. 118–52. Then, on July 10, 2024, the district court granted the motion to dismiss, in part, dismissing without prejudice the

---

[4] Citations to filings in the district court that are not included in Appellants' Appendix are cited as "D.C. ECF No. XX."

FDCPA and RESPA claims for failure to state a claim, and declining to exercise jurisdiction over the FCCPA claim. App. 154–70.

The district court gave Appellants fourteen days to amend the Complaint. App. 170. When Plaintiffs did not do so, the district court dismissed the action with prejudice for failure to prosecute. App. 172.

## STANDARD OF REVIEW

"The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion." *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986).

A dismissal for failure to state a claim is reviewed *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Renfroe*, 822 F.3d at 1243.

This Court may "'affirm for any reason supported by the record,' even if the district court did not rely on that reason." *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1294 (11th Cir. 2016) (quoting *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012)).

## SUMMARY OF THE ARGUMENT

This Court should affirm on procedural and substantive grounds. Procedurally, Appellants have not challenged the district court's dismissal with prejudice for failure to prosecute. By failing to challenge the dismissal for lack of prosecution, this Court must accept the district court's ruling as valid and affirm.

Consideration of the merits requires the same result. *First*, as to Appellants' FDCPA claim, the district court correctly concluded Fay's denial of the short-sale applications was not debt collection activity, and therefore was not actionable under the FDCPA. Therefore, this Court should affirm, notwithstanding Appellants' new arguments raised for the first time on appeal. And *second*, as to the RESPA claim, the district court correctly ruled that Regulation X's error resolution procedures under 12 C.F.R. § 1024.35(b) do not apply to loss mitigation decisions, which is what Appellants were challenging. Moreover, Appellants' attempt to distinguish loss mitigation *evaluation* from loss mitigation *implementation* lacks support.

## ARGUMENT

**I.  This Court should affirm because Appellants failed to challenge the district court's dismissal for lack of prosecution in their initial brief.**

After granting Fay's motion to dismiss, the district court gave Appellants fourteen days to file an amended complaint. App. 170. But Appellants never filed an amended complaint, causing the district court to dismiss the action for lack of prosecution. App. 172. In their notice of appeal, Appellants designated the order dismissing the case for lack of prosecution as the order being appealed. App. 174–76. Yet nowhere in their initial brief do Appellants mention the dismissal for lack of prosecution, much less challenge it. *See generally* I.B.[5]

Appellants' failure to challenge the dismissal for lack of prosecution in their initial brief means they have abandoned any argument that the district court abused its discretion in dismissing the case for lack of prosecution. *McKelvey*, 789 F.2d at 1520 (reviewing dismissal for lack of prosecution for an abuse of discretion). "If an argument is not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues

---

[5] Citations to Appellants' initial brief are denoted as "I.B. XX," where the page numbers correspond to the page number of the brief.

they raise on appeal, and because the appellee would have no opportunity to respond to it." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Indeed, this Court has concluded that when an appellant does "not devote even a small part of their opening brief to arguing the merits of the district court's alternative holdings," then the appellant abandons any challenge to those alternate holdings. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

This reasoning applies to dismissals for lack of prosecution. *See Amaechi v. Geico*, No. 22-13450, 2024 WL 710546, at *3 (11th Cir. Feb. 21, 2024) (explaining, "[W]e could deem her challenge to the district court's dismissal [for failure to prosecute] to be abandoned and affirm on this basis alone."); *Heath v. Terrell Cnty. Sch. Dist.*, 815 F. App'x 316, 319 (11th Cir. 2020) (appellant abandoned challenge to dismissal for failure to prosecute); *Taylor v. Exec. Dir. at Fla. Dep't of Highway Safety & Motor Vehicles*, 2023 WL 5664169, at *2 (11th Cir. Sept. 1, 2023) (same).

Because Appellants failed to raise any challenge to the dismissal for lack of prosecution in their initial brief, they are "deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 680.

## II. The trial court correctly dismissed Appellants' FDCPA claim because the denial of the short-sale applications did not constitute debt collection activity.

Appellants wrongly argue the district court erred in dismissing their FDCPA claim because its ruling focused on whether Fay's letters denying the short-sale applications[6] were debt collection "communications," which Appellants argue is irrelevant to their claims under 15 U.S.C. § 1692e(10).[7] But that argument misses the mark for at least three reasons: (A) Appellants did not argue below that § 1692e(10) does not require a "communication," (B) Appellants invited the district court to consider whether Fay's denials letters were FDCPA "communications," and (C) the district court correctly concluded Fay's denials did not constitute debt collection activity under the FDCPA.

---

[6] For purposes of the FDCPA claim, only Fay's initial denial of the short sale—not Fay's response to the NOEs—is relevant. App. 21–22 at ¶¶ 57–60 (stating the "Denials" violated the FDCPA, and previously defining "Denials" as Fay's letters in response to the short-sale applications).

[7] Appellants do not argue in their initial brief, as they did below, that they stated a claim under 15 U.S.C. § 1692f, thereby abandoning that argument. *Sapuppo*, 739 F.3d at 680–81. Accordingly, Fay will limit its response to addressing § 1692e.

## A. Appellants cannot argue for the first time on appeal that § 1692e(10) does not require a 'communication.'

Before the district court, Appellants limited their FDCPA claim under § 1692e(10) to the issue of whether Fay's short-sale denial letters were debt collection "communications" under 15 U.S.C. § 1692a(2). In response to Fay's motion to dismiss, Appellants argued they stated claim under § 1692e(10) and relied exclusively on cases considering whether there was a debt collection "communication." D.C. ECF No. 25 at 7–8 (motion to dismiss response, citing *Hart v. Credit Control, LLC*, 871 F.3d 1255, 1257 (11th Cir. 2017); *Daniels v. Select Portfolio Servicing, Inc.*, 34 F.4th 1260, 1266–1267 (11th Cir. 2022); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012); *Caceres v. McCalla Raymer, Ltd. Liab. Co.*, 755 F.3d 1299, 1302 (11th Cir. 2014); *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010); and *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011)). At oral argument, Appellants also explained their position:

> I think our position is similar to what, you know, you're kind of hinting at here, is that this is, you know, communication that's regarding that – it's in the same – I can't think of the word I'm looking for – but it's part and parcel to the collection of a debt.

App. 142 at 25:21–25.

But now Appellants are abandoning their position below and arguing for the first time that whether Fay's denials were debt collection "communications" is irrelevant for purposes of § 1692e(10). I.B. 10–13. Appellants are barred from changing positions and asking this Court to rule on an issue that was not presented to the district court. *Access Now*, 385 F.3d at 1331 (holding an issue "raised for the first time in an appeal will not be considered"). So this Court should refuse to consider whether § 1692e(10) requires a "communication."

### B. Appellants induced the district court to consider whether Fay's letters were 'communications' and cannot complain now that the district court's consideration was error.

Any error in considering whether the Fay denial letters were communications was invited error about which Appellants cannot complain. "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *United States v. Harris*, 443 F.3d 822, 823 (11th Cir. 2006) (quoting *United States v. Stone,* 139 F.3d 822, 838 (11th Cir. 1998)). "A party that invites an error cannot complain when its invitation is accepted." *Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1231 (11th Cir. 2012).

As argued in the preceding section, Appellants' position before the district court was that Fay's short-sale application denial letters were debt collection "communications" that violated § 1692e(10). For instance, in response to Fay's motion to dismiss, Appellants argued:

> Fay made false representations in the Ellery Denial by falsely stating that Ellery's short sale was not an "arm's-length" transaction. *The Ellery Denial was a "communication" with an animating purpose to induce payment* by Ellery or stop Ellery from delaying Fay's goal of selling her home at a foreclosure sale. Since Fay made false representations and the communication was an attempt to induce Ellery to settle her debt, Fay violated 15 U.S.C. § 1692e.

*Id.* at 8 (emphasis added) (internal citations omitted). Because Appellants invited the district court to consider whether Fay's denial letters were debt collection "communications," Appellants cannot now complain that the district court did precisely what they asked.

## C. The district court correctly concluded that Fay's denial letters were not related to debt collection.

Lastly, the trial court did not err in ruling that Fay's letters denying the short-sale applications did not constitute debt collection activity under § 1692e(10)—regardless of whether the letters were "communications." Under § 1692e(10),

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

application of the foregoing, the following conduct is a violation of this section:

...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10). "[T]o state a plausible FDCPA claim under § 1692e, a plaintiff must allege, among other things, ... that the challenged conduct is related to debt collection." *Pinson v. Albertelli L. Partners LLC*, 618 F. App'x 551, 553 (11th Cir. 2015) (quoting *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012)). The district court did not err in concluding Appellants failed to state a claim.

### 1. Fay's short-sale application denial letters did not seek to collect a debt from Appellants.

Appellants argue that Fay's short-sale application denial letters violated § 1692e(10) because they "conveyed false information concerning the underlying debt of the mortgage loan." I.B. 13. Even if true—which Plaintiff's did not plausibly allege in the Complaint—that is not enough. Instead, to state a claim, a false representation must be used "*to collect or attempt to collect any debt*."[8] § 1692e(10) (emphasis added).

---

[8] Appellants do not allege the supposed false representations were used "to obtain information concerning a customer," so Fay will not discuss that portion of § 1692e(10).

To determine whether Fay's letters were used "to collect or attempt to collect" on Appellants' debts, the district court correctly considered whether they "convey[] information about a debt and [their] aim is at least in part to induce the debtor[s] to pay." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014). When it comes to loss mitigation letters like the Fay denial letters, this Court has explained that the district court must "look to the language" of the letter to determine whether it is attempting to collect a debt. *Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 800–01 (11th Cir. 2016) (holding loss mitigation letter was "not 'related to debt collection,' which is necessary to bring it under the purview of the FDCPA").

Here, Fay's denial letters stated:

> Fay Servicing, LLC received the purchase offer you recently submitted for the Short Sale of the Property. This notice is to inform you that the purchase offer has been denied for the following reason(s):
>
> …
>
> ☒ The transaction is not "arm's-length".
>
> …
>
> If a purchase offer is submitted outside of an approved listing/marketing period, we may review it, but only if there is adequate time prior to any scheduled foreclosure sale date.

> If you have any questions, please contact your Account Manager directly or call our toll-free number: (800) 495- 7166. Our regular business hours are from 8:00 a.m. to 9:00 p.m. Monday through Thursday, 8:30 a.m. to 5:00 p.m. on Friday, and from 10:00 a.m. to 4:00 p.m. on Saturday (CST).

App. 92, 103. Then, in smaller print at the bottom of the page, the denial letters stated:

> Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability.

*Id.*

The district court correctly concluded that the denial letters were not "inducing or attempting to induce any debtor to settle her debt or make payment of any kind." App. 160. The denial letters did not list the amounts owed, demand payment, or discuss additional fees if payment is not tendered. *Caceres*, 755 F.3d at 1302. Further, the district court correctly considered the boilerplate language at the bottom of the letters stating Fay "is a debt collector," which it found was not dispositive in the absence of any other language attempting to induce payment. App. 160 (citing *Alhassid v. Nationstar Mortg. LLC*, 771 F. App'x 965, 968 (11th Cir. 2019)).

Because the district court correctly concluded that Fay's denial letters did not constitute debt collection activity, this Court should affirm the dismissal of Appellants' FDCPA claim.

### 2. Fay's acts of denying the short-sale applications also did not seek to collect a debt.

In addition to arguing that Fay's letters violated § 1692e(10), Appellants also contend for the first time on appeal that Fay's act of denying the short-sale application was also a violation § 1692e(10). Because this argument was not presented below, this Court should not consider it now. *Access Now*, 385 F.3d at 1331. But even if this Court were to consider whether Fay's denial of the short-sale applications constituted an attempt to collect a debt, this Court should affirm.

*First*, Appellants have cited no authority that denying a loss mitigation application is an attempt to collect a debt under § 1692e(10). An appellant's brief "must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Sapuppo*, 739 F.3d at 681 (quoting *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)). Because Appellants offer no authority supporting their position that the denial of the short-sale applications—as opposed to the letters

denying the short-sale applications—constitute an attempt to collect a debt, they have abandoned their argument.

*Second*, this Circuit's case law shows that such actions should not be considered an attempt to collect a debt under § 1692e(10). In *Miljkovic v. Shafritz & Dinkin, P.A.*, this Court considered whether a debt collector's court filing disputing a right to an exemption of garnishment violated § 1692e(10). 791 F.3d 1291, 1294 (11th Cir. 2015). The plaintiff alleged the filing violated § 1692e(10) because "Appellees were without a factual basis for opposing his claim of exemption." *Id.* at 1306. This Court explained that the filing was "not misleading or deceptive in the traditional sense," noting it did not misstate the amount of the debt, incorrectly identify the holder of the debt, or contain false threats of litigation. *Id.* Instead, it constituted a legal position that the debt collector was entitled to take. *Id.* at 1307. Thus, this Court concluded the filing did not violate § 1692e(10). *Id.*

Like *Miljkovic*, this Court should conclude that Fay's denial of the short-sale applications did not violate § 1692e(10). Fay did not misrepresent the amount of Appellants' debts, incorrectly identify the loan holder, or contain false threats of litigation. Rather, Fay merely did

what it had every right to do: deny Appellants' requests for loss mitigation because "[n]othing in [12 C.F.R.] § 1024.41 should be construed to create a right for a borrower … with respect to the evaluation for, or offer of, any loss mitigation option." 12 C.F.R. § 1024.41(a).

Nor is there any support for Appellants' application of § 1692e(10) generally to the denial of loss mitigation requests. In essence, Appellants ask this Court to approve an unprecedented position that a servicer's evaluation of a debtor for loss mitigation constitutes debt collection activity under the FDCPA. I.B. 11–13. That is because, according to Appellants, any loss mitigation denial is "made to induce" debtors to forgo loss mitigation and settle their debt another way (*i.e.*, foreclosure). *Id.* Under Appellant's position, all a debtor would need to do to bring an FDCPA claim is make a conclusory allegation that the servicer's loss mitigation denial was somehow false. *See* App. 71 at ¶ 37, and App 75 at ¶ 55 (Complaint alleging each denial "was plainly erroneous and misrepresented the purchase offer").

This Court should reject Appellants' novel, unsupported position and, instead, uphold precedent. Rather than creating a blanket rule that

any loss mitigation denial constitutes debt collection activity under the FDCPA, this Court should reaffirm the unremarkable rule that a plaintiff has to plausibly allege a defendant's actions involved the collection of a debt. *Pinson*, 618 F. App'x at 553 ("[T]o state a plausible FDCPA claim under § 1692e, a plaintiff must allege, among other things, … that the challenged conduct is related to debt collection."). Conclusory allegations like those made by Appellants here will not suffice. *Miljkovic*, 791 F.3d at 1297 (noting "conclusory allegations … are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations.").

Therefore, this Court should affirm the district court's dismissal of Appellants' FDCPA claim under § 1692e because they failed to plausibly allege Fay attempted to collect a debt.

## III. The trial court correctly dismissed Appellants' RESPA claim because Fay's loss mitigation decisions are not actionable under 12 C.F.R. § 1024.35(b).

The trial court correctly ruled that Fay's responses to Appellants' NOEs were not actionable under Regulation X, which implements RESPA. Appellants now argue the district court erred by (A) failing to address whether they asserted covered errors under 12 C.F.R. §

1024.35(b)(7), and (B) concluding 12 C.F.R. § 1024.35(b)(11) was
inapplicable to loss mitigation.[9] I.B. 15–23. As explained below,
Appellants have not shown reversible error.

### A. Fay did not violate 12 C.F.R. § 1024.35(b)(7), which is inapplicable to the facts alleged in the Complaint.

Appellants contend the trial court erred by failing to address their
claim that Fay's NOE responses violated § 1024.35(b)(7) of Regulation X.
But there is a fatal flaw with that argument: Appellants never pleaded
Fay violated § 1024.35(b)(7). App. 66–88. Indeed, § 1024.35(b)(7) is not
referenced anywhere in the Complaint. *Id.*

Subsection (b)(7) under Regulation X's error resolution procedures
covers the "[f]ailure to provide accurate information to a borrower
regarding loss mitigation options and foreclosure, *as required by §
1024.39.*" 12 C.F.R. § 1024.35(b)(7) (emphasis added). In turn, § 1024.39
requires a servicer to provide written notice "providing a brief description
of examples of loss mitigation options that may be available from the
servicer." § 1024.39(b)(2)(iii); *see also Tanasi v. CitiMortgage, Inc.*, 257 F.

---

[9] Appellants do not argue Fay's short-sale denial letters—as opposed
to the NOE responses—are actionable under RESPA. So Appellants do
not attribute any error to the district court's conclusion that Fay's denial
letters were appropriate under 12 C.F.R. § 1024.41. App. 162–65.

Supp. 3d 232, 268 (D. Conn. 2017) ("The specific section of Regulation X referenced in subsection (b)(7) requires a servicer to, within 45 days of a borrower's delinquency, send the 'delinquent borrower a written notice ... providing a brief description of examples of loss mitigation options that may be available from the servicer.'").

Appellants do not allege Fay failed to provide them "a brief description of examples of loss mitigation options that may be available." § 1024.35(b)(2)(iii); *see* App. 66–88. Indeed, Appellants make no allegations about Fay's initial communication of loss mitigation options, thus failing to state a claim under subsection (b)(7). *Id.*; *see also Cilien v. U.S. Bank Nat'l Ass'n*, 687 F. App'x 789, 792 (11th Cir. 2017) ("Because Plaintiff's complaint contains no allegations about how or when U.S. Bank contacted her after Plaintiff first defaulted on her mortgage loan, Plaintiff has stated no claim for a violation of section 1024.39.").

Instead, Appellants alleged Fay provided inaccurate information about the denial of their loss mitigation applications. *Id.* But "[b]ecause § 1024.39 does not require loan servicers to provide accurate information regarding the status or denial of an application once an individual chooses to pursue one of those options, subsection (b)(7) does not cover

disputes related to the failure to provide this information." *Canty v. Wells Fargo Bank, N.A.*, 463 F. Supp. 3d 57, 65 n.9 (D. Mass. 2020). As a result, the district court was not required to analyze whether Appellants stated a claim under § 1024.35(b)(7) where no allegations pertained to § 1024.39.

Beyond that, Appellants never properly raised the issue before the district court. In response to Fay's motion to dismiss, Appellants made a passing reference to "§ 1024.35(b)(9) [sic]," which may have been a typo referring to § 1024.35(b)(7). D.C. ECF No. 25 at 10. But Appellants only stated: "[A] discussion of whether the notices of error related to servicing is not necessary." *Id.* Appellants cited no authority or otherwise presented any legal argument to the district court on subsection (b)(7). As such, between the mere passing reference and typo, the district court had no notice Appellants were attempting to make an argument about subsection (b)(7) and thus was not required to address it. *Sapuppo*, 739 F.3d at 681 ("A party fails to adequately 'brief' a claim when he does not 'plainly and prominently' raise it, 'for instance by devoting a discrete section of his argument to those claims.'"). Because Appellants have not shown the district court erred, this Court should affirm.

## B. Fay did not violate 12 C.F.R. § 1024.35(b)(11), which is inapplicable to loss mitigation decisions.

The district court correctly concluded § 1024.35(b)(11)—the catch-all provision—does not apply to loss mitigation decisions by servicers (*i.e.*, Fay's denial of the short-sale applications). App. 166. In fact, Appellants admit that "[t]he catch-all provision … does not encompass errors relating to a servicer's evaluation of a loss mitigation application." I.B. 18 (citing *Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X)*, 78 FR 10696-01, 10744). Despite this admission, Appellants argue their NOEs did not challenge Fay's loss mitigation decision, but instead challenged Fay's "implementation of a loss mitigation option." I.B. 19.

This Court should reject Appellants' argument for three reasons: First, the argument is barred because—once again—Appellants are raising this argument for the first time on appeal. Second, Appellants admitted below that they do not know whether there was an error, meaning they could not plausibly allege a RESPA claim. And third, Appellants are just plain wrong on the law.

### 1. Appellants are barred from arguing for the first time on appeal that the NOEs did not relate to loss mitigation evaluations.

Appellants once again have changed position, raising an issue that was not presented to the district court. In their initial brief, Appellants admit § 1024.35(b)(11) does not cover a servicer's loss mitigation determination. I.B. 18. But in the district court, Appellants argued "that loss mitigation errors can be subject to this catchall provision."[10] App. 132 at 15:1–2; *see also* D.C. ECF No. 25 at 13 (Appellants arguing: "Claiming that loss mitigation is not related to servicing is an outdated view of RESPA that ignores the developments of the last nine years."). So Appellants' argument on appeal is substantively different from what they argued to the district court, and the district court never ruled on the issue Appellants now present.

As explained above, Appellants are not permitted to raise new arguments on appeal. *Access Now*, 385 F.3d at 1331 (holding an issue "raised for the first time in an appeal will not be considered"). So this Court should reject Appellants' attempt to recast their RESPA claim.

_____

[10] For ease of reference, the catch-all provision provides that it covers "Any other error relating to the servicing of a borrower's mortgage loan." § 1024.35(b)(11).

**2. Appellants conceded before the district court that they did not know whether Fay erred in denying their short-sale applications, so they did not plausibly allege a RESPA claim.**

Appellants' RESPA claim is premised on Fay committing errors when it denied their short sales and then failing to correct the errors after receiving Appellants' NOEs. But in a bizarre turn, Appellants took the position below that they were not arguing Fay actually erred in denying their short-sale applications as "not arm's-length." Instead, Appellants explained that their NOEs are

> not saying that you need to overturn this decision, and that's the end-all, be-all of the result with the – for the NOE. But getting an explanation for this decision is indicated so this could be, you know, either rectified or further information to be provided to resubmit the application.

App. 132 at 15:14–21. Appellants also argued they were trying to determine whether Fay's denials were "valid for some unknown reason." App. 129 at 12:16–17. Considering Appellants' oral argument, the district court did not err in concluding Appellants failed to plausibly allege Fay committed an "error" that they sought to correct under § 1024.35(b). *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1194 (11th Cir. 2002) (considering arguments made during oral argument to the district court to conclude "the complaint fails to plead any factual basis" for action).

Instead, Appellants admittedly just wanted more information as to why Fay denied their short-sale application—which is closer to a request for information than an NOE.[11] So this Court can affirm because Appellants did not plausibly allege Fay committed an error with respect to their short-sale applications that Fay then failed to correct after receiving the NOEs. *Wright*, 833 F.3d at 1294 (holding this Court can "'affirm for any reason supported by the record,' even if the district court did not rely on that reason.").

### 3. The trial court correctly ruled that Appellants' NOEs challenged Fay's loss mitigation determination and thus were outside the scope of 1024.35(b)(11).

Lastly, Appellants are wrong on the merits. While acknowledging the catch-call provision does not apply to loss mitigation "evaluations," Appellants argue the catch-all provision does apply to loss mitigation "implementations." I.B. 18. This argument is neither supported by the language of the NOEs, nor the law.

---

[11] Section 1024.36 of Regulation X allows a borrower to request information "with respect to the borrower's mortgage loan." 12 C.F.R. § 1024.36. But, like NOEs, "[c]ourts have repeatedly held that requests for information related to [loss mitigation] do[es] not concern 'servicing,'" and therefore do not give rise to a RESPA claim. *Nash v. PNC Bank, N.A.*, No. CV TDC-16-2910, 2017 WL 1424317, at *5 (D. Md. Apr. 20, 2017).

### a. Appellants' NOEs and their Complaint refute argument that they were not challenging the denial of the short-sale applications.

Because Appellants admit the catch-all provision does not apply to loss mitigation determinations (I.B. 18), they must show that their NOEs were not challenging the short-sale denials to prevail. But their attempt to do so is belied by Appellants NOEs and the Complaint.

Ellery's NOE stated:

> Fay servicing denied the short sale on the basis of the sale not being an arms-length transaction. This is patently false….

App. 94. Similarly, Patino's NOE stated:

> Fay went so far as to deny the short sale with the only basis being that the short sale was not an arms length transaction. … Fay's accusation of the transaction not being an "arm's-length" transaction is baseless and without merit.

App. 106. And Appellants allege in the Complaint that they sent NOEs "alleging that Fay committed errors in claiming the purchase offer did not represent an arm's length transaction in relation to the attempted short sales." App. 85 at ¶ 99.

The Complaint and the NOEs establish Appellants were challenging Fay's loss mitigation determination, which they admit is outside the scope of § 1024.35(b)(11). I.B. 18; *see also Nash*, 2017 WL

1424317, at *6 ("[C]ourts have held that a claim that a loss mitigation application was improperly denied, or that the information provided about such a denial was inadequate, is not a 'covered error' under 12 C.F.R. § 1024.35(b)."); *Sutton v. CitiMortgage, Inc.*, 228 F. Supp. 3d 254, 274 (S.D.N.Y. 2017) ("RESPA (through Regulation X) regulates many aspects of loss mitigation practices, but does not regulate the correctness of a loss mitigation decision, and certainly does not encompass errors in loss mitigation decisions within the catch-all provision in the definition of 'covered errors.'"). So this Court should affirm the district court's dismissal of the RESPA claim.

### b. There is no support for Appellants' attempt to distinguish loss mitigation *evaluation* and *implementation* under § 1024.35(b).

Appellants' argument is also without legal support. Appellants argue that while the denial of a loss mitigation option *is not* a covered error (*e.g.*, the decision that a form of loss mitigation will not be offered to a borrower), the rejection of an application for an approved loss mitigation option *is*. I.B. 18–21 (attempting to distinguish between loss mitigation *evaluation* and *implementation*). Not so.

To begin, Appellants' attempt to distinguish loss mitigation *evaluation* from *implementation* has no support in the language of Regulation X. *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1267 (11th Cir. 2006) ("The first step of statutory construction is to determine whether the language of the statute, when considered in context, is plain."); *Mejia v. Ocwen Loan Servicing, LLC*, 703 F. App'x 860, 864 (11th Cir. 2017) (noting construction principles apply "to review of Regulation X, as regulations, like statutes, are interpreted according to the cannons of construction." (cleaned up)). In arguing that there is a difference between evaluation and implementation, Appellants refer to § 1024.41(c) of Regulation X to define "evaluation." I.B. 18–19. But § 1024.35—the errors resolution procedures upon which Appellants' RESPA claim is based—does not mention loss mitigation *evaluations* or *implementations*. *See* § 1024.35. Indeed, neither word appears in § 1024.35 at all. So the language of § 1024.35 does not support the Appellants' distinction.

Appellants' argument is not supported by case law either. The only authority Appellants cite is *Naimoli v. Ocwen Loan Servicing, LLC*, but it refutes Appellants' argument that the so-called implementation of a loan modification is a covered error. 22 F.4th 376 (2d Cir. 2022).

In *Naimoli*, a borrower was offered a loan modification as loss mitigation conditioned on the borrower successfully completing a trial period under the new terms. *Id.* at 379. After the borrower successfully completed the trial period, the servicer denied the loan modification because it *lost key documents that the servicer was required to record. Id.* The borrower submitted an NOE asserting the servicer: "(1) failed to provide Naimoli with the promised permanent loan modification despite Naimoli having accepted the offer, (2) neglected to record the documents it had received over a year earlier, and (3) wrongfully rejected Naimoli's February 2017 payment." *Id.* at 381.

In considering whether the borrower alleged covered errors under the catch-all provision of § 1024.35(b), the Second Circuit concluded "*that where a loan servicer mishandles loan documents* in the manner Naimoli alleges here, a covered error has occurred." *Id.* at 383 (emphasis added). The Second Circuit then explained: "The district court was mistaken, therefore, *in concluding that the catch-all provision does not cover '[t]he failure to record instruments' because that error 'does not concern servicing'* but instead 'concerns the modification of the terms of the loan.'"

*Id.* at 384 (emphasis added). So the covered error was the loss of documents—not the loss mitigation determination.

But the Second Circuit's analysis continued, explaining "that a loan servicer's failure to properly evaluate[12] a borrower for a loss mitigation option is not a covered error under § 1024.35(b)." *Id.* The Second Circuit then reiterated that "erroneous loss mitigation eligibility determinations are excluded under § 1024.35(b)." *Id.* Moreover, the Second Circuit explained the errors identified by the borrower could have been corrected if the servicer "located and recorded the documents *without changing its decision regarding loss mitigation.*" *Id.* (emphasis added). In other words, the denial of the loan modification was not the covered error that the Second Circuit considered under § 1024.35(b).

---

[12] Fay flags the Second Circuit's use of the term "evaluate" for two reasons. First, it appears Appellants' arguments are premised exclusively on this single use of the term "evaluate," which, again, does not appear at all in the language of § 1024.35. Second, and more importantly, the Second Circuit's use of the term "evaluate"—instead of "implementation"—undermines Appellants' arguments. The Second Circuit used "evaluate" as a synonym for "a servicer's loss mitigation determination," including the *Naimoli* servicer's denial of the loan modification application after the borrower successfully completed the trial period. *Id.* Thus, the Second Circuit did not draw a distinction between an initial "evaluation" and subsequent "implementation," as Appellants use those terms in their initial brief.

Reading *Naimoli* in context refutes, rather than supports, Appellants' arguments. The *Naimoli* court never held that the denial of the loan modification—the loss mitigation at issue—was a covered error under § 1024.35(b)(11). *Id.* Instead, it held the opposite, explaining that the loss of loan documents was a covered error even if the denial of the loan modification was not. *Id.* Thus, the *Naimoli* decision is in accord with the district court's ruling (and all the cases cited therein) that have concluded loss mitigation decisions are not covered errors under § 1024.35(b)(11). App. 165–69 (citing *Lynch v. Wells Fargo Bank, N.A.*, No. 18-23560-CIV, 2019 WL 13202780, at *16 (S.D. Fla. June 19, 2019); *Jones v. Wells Fargo Bank, N.A.*, No. CV ELH-18-8, 2018 WL 4382916, at *10 (D. Md. Sept. 12, 2018); and *Sutton*, 228 F. Supp. 3d at 274).

Because Appellants provided no authority that the rejection of the application for an approved loss mitigation option is a covered error—under the catch-all provision or any other provision of § 1024.35(b)—this Court should affirm the district court's dismissal.

## CONCLUSION

For these reasons, this Court should affirm the district court's dismissal of the Complaint.

Dated: February 18, 2025.

Respectfully submitted,

*/s/ Jacob Hanson*
*One of the Attorneys for Appellee*

Sara D. Accardi  |  FBN 106923
Jacob B. Hanson|  FBN 91453
BRADLEY ARANT BOULT CUMMINGS LLP
1001 Water Street, Suite 1000
Tampa, FL 33602
(813) 559-5500
saccardi@bradley.com
jhanson@bradley.com

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 6,154 words.

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook font, size 14.

*/s/ Jacob Hanson*
*Attorney for Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2025, I filed the foregoing with

the Clerk of the Court via CM/ECF, which will serve all counsel of record.

*/s/Jacob Hanson*
*Attorney for Appellee*