No. 24-12564

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**JANICE ELLERY and LILIAN PATINO**,
*Plaintiffs-Appellants*,

v.

**FAY SERVICING, LLC**,
*Defendant-Appellee.*

**Appeal from the United States District Court**
**for the Southern District of Florida**

**No. 23-cv-60260-DAMIAN**

---

### APPELLANTS' REPLY BRIEF

---

Daniel M. Solar, Esq.
(OH Bar No. 0085632)
(admitted *pro hac vice*)
**DANN LAW**
15000 Madison Ave.
Lakewood, OH 44107
T: (216) 373-0539
F: (216) 373-0536
notices@dannlaw.com

Bruce Botsford, Esq.
(FL Bar No. 31127)
**LAW OFFICE OF BRUCE BOTSFORD, P.A.**
1005 W State Road 84 # 472
Fort Lauderdale, FL 33315-2433
T: (954) 663-7002
F: (216) 373-0536
service@botsfordlegal.com
supportleader@botsfordlegal.com
botslaw@gmail.com

*Counsel for Plaintiffs-Appellants Janice Ellery and Lilian Patino*

**ELLERY v. FAY SERVICING, LLC**

## CERTIFICATE OF INTEREST PERSONS

Undersigned counsel certifies the following persons may have an interest in the outcome of this case:

1. Accardi, Sara of Bradley Arant Boult Cummings LLC, Counsel for Appellee, Fay Servicing, LLC

2. Botsford, Bruce of Bruce Botsford, P.A., Counsel for Appellants, Janice Ellery and Lillian Patino, each individually and on behalf of all others similarly situated.

3. Bradley Arant Boult Cummings LLP, Counsel for Appellee, Fay Servicing, LLC

4. Damian, Melissa, U.S. District Judge

5. Dann Law, Counsel for Plaintiffs Janice Ellery, Lillian Patino, and the Putative Class U.S.D.C. Southern District of Florida (Case No.: 23-cv-60260-DAMIAN)

6. Ellery, Janice, Appellant

7. Fay Servicing, LLC, Appellee

8. Garcia-Wood, Marina, Broward County Civil Division Judge

9. Hanson, Jacob of Bradley Arant Boult Cummings LLC, Counsel for Appellee, Fay Servicing, LLC

10. Law Office of Bruce Botsford, P.A., Counsel for Appellants, Janice Ellery and Lillian Patino, each individually and on behalf of all others similarly situated.

11. Patino, Lillian, Appellant

12. Sadlak, Kenzie N., Attorney for Defendant/Appellant, Janice Ellery (Seventeenth Judicial Circuit, Broward County, Florida, Case No.: CACA19011770)

13. Solar, Daniel M., Counsel for Plaintiffs Janice Ellery, Lillian Patino, and the Putative Class U.S.D.C. Southern District of Florida (Case No.: 23-cv-60260-DAMIAN) *pro hac vice

14. U.S. Bank Trust, N.A., as Trustee, Plaintiff (Seventeenth Judicial Circuit, Broward County, Florida, Case No.: CACA19011770)

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST PERSONS ........................................................C1

TABLE OF CONTENTS........................................................................... i

TABLE OF CITATIONS ........................................................................ ii

ARGUMENT ......................................................................................1

    I.    THE BORROWERS WERE NOT REQUIRED TO REPLEAD
          THEIR CLAIMS BECAUSE REPLEADING WOULD HAVE
          BEEN FUTILE ..........................................................................1

    II.    THE DISTRICT COURT IMPROPERLY DISMISSED
          ELLERY'S FDCPA CLAIM BECAUSE FAY ENGAGED
          IN PROHIBITED DEBT COLLECTION ACTIVITY .............................5

    III.    THE DISTRICT COURT IMPROPERLY DISMISSED THE
          BORROWERS' RESPA CLAIMS BECAUSE FAY
          FAILED TO PROPERLY RESPOND TO THE BORROWERS'
          NOTICES OF ERROR...................................................................9

        A.    Fay Failed to Properly Respond to the Borrowers' Errors
              Asserted Pursuant to 12 C.F.R. § 1024.35(b)(7).............................9

        B.    The Notices of Error Asserted Errors Relating to the
              Servicing of the Borrowers' Mortgage Loans Pursuant
              to 12 C.F.R. § 1024.35(b)(11).......................................................11

CONCLUSION ....................................................................................15

CERTIFICATE OF SERVICE

# TABLE OF CITATIONS

## CASES

*Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324 (11th Cir. 2004) ....................3

*Canty v. Wells Fargo Bank, N.A.*, 463 F. Supp. 3d 57 (D. Mass. 2020) ................10

*Cilien v. U.S. Bank Nat'l Ass'n*, 687 F. App'x 789 (11th Cir. 2017) ......................10

*Cockrell v. Sparks*, 510 F.3d 1307 (11th Cir. 2007)....................................................2

*Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185 (11th Cir. 1999) ........................ 1-2, 4

*Faison v. Ratliff*, No. 21-11098,

    2022 U.S. App. LEXIS 5190 (11th Cir. Feb. 25, 2022)..................................... 2-3

*Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010)........................9

*Glazer v. Reliance Standard Life Ins. Co.*, 524 F.3d 1241 (11th Cir. 2008)...........10

*Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169 (6th Cir. 2011)......................9

*Heath v. Terrell Cty. Sch. Dist.*, 815 F. App'x 316 (11th Cir. 2020) ........................4

*Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*,

    910 F.3d 1186  (11th Cir. 2018) ................................................................. 4, 7, 14

*In re Home Depot, Inc.*, 931 F.3d 1065 (11th Cir. 2019) .........................................7

*Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329 (11th Cir. 2022) .....................1, 4

*Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003 (11th Cir. 2016)....................10

*McGinley v. Houston*, 361 F.3d 1328 (11th Cir. 2004) ...........................................14

*McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518 (11th Cir. 1986)...........................3

*Naimoli v. Ocwen Loan Servicing*, LLC, 22 F.4th 376 (2d Cir. 2022) ............. 12-13

*Reese v. Ellis, Painter, Ratterree & Adams, LLP*,

    678 F.3d 1211 (11th Cir. 2012) ................................................................8

*Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314 (11th Cir. 2021) ...................1, 4

*Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678 (11th Cir. 2014) ...................3

*Sec'y, U.S. Dep't of Labor v. Preston*, 873 F.3d 877 n.5 (11th Cir. 2017)...............7

*Simmonds v. Nationstar Mortg. LLC*, No. 5:23cv2-MW/MJF,

    2024 U.S. Dist. LEXIS 187028 (N.D. Fla. Sep. 24, 2024) .................................10

*Taylor v. Exec. Dir. at the Fla. Dep't of Highway Safety*,

    No. 22-10384, 2023 U.S. App. LEXIS 23367 (11th Cir. Sep. 1, 2023) ...............4

*United States v. Clariot*, 655 F.3d 550 (6th Cir. 2011) .................................. 4, 7, 14

*VFS Leasing Co. v. Markel Ins. Co.*, 120 F.4th 745 (11th Cir. 2024).......................7

**STATUTES**

15 U.S.C. § 1692e ................................................................................................5

**REGULATIONS**

12 C.F.R. § 1024.35 ...................................................................................... 9-14

12 C.F.R. § 1024.39 ...................................................................................... 9-11

# ARGUMENT

## I. THE BORROWERS WERE NOT REQUIRED TO REPLEAD THEIR CLAIMS BECAUSE REPLEADING WOULD HAVE BEEN FUTILE

In the Eleventh Circuit, a party is not required to replead their claims in an amended complaint following the dismissal of those claims to preserve objections to the dismissal on appeal where repleading would have been futile. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334-1335 (11th Cir. 2022); *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1319 (11th Cir. 2021); *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 n.5 (11th Cir. 1999) ("[W]e do not require a party to replead a claim following a dismissal under Rule 12(b)(6) to preserve objections to the dismissal on appeal" where "repleading would have been futile and would have resulted in a second dismissal[.]").

As stated in *Reynolds*, a party does not waive their right to appeal a district court's dismissal where the party has no additional facts that would support their claims. *Reynolds*, 988 F.3d at 1319-1320; *see Dunn*, 193 F.3d at 1191 n.5 ("The pilots presumably had nothing to add to their interference with business relationships claim; consequently, repleading would have been futile and would have resulted only in a second dismissal under Rule 12(b)(6)."). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Faison v. Ratliff*, No.

21-11098, 2022 U.S. App. LEXIS 5190, at *10 (11th Cir. Feb. 25, 2022) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

The district court ordered and adjudged that the Borrower's third amended complaint (the "Complaint") be dismissed in its entirety without prejudice. (Doc. 41, p. 17). The district court "concluded that, under the theories currently advanced in the [Complaint], [the Borrowers] have failed to state a claim against Fay for violations of RESPA or the FDCPA." (Doc. 41, p. 17). The Borrowers had nothing to add to their claims as pleaded in the Complaint and had already amended the Complaint multiple times.

The district court allowed for amendment, claiming that was not "necessarily" futile, because it was the first time that the Complaint was dismissed and "[i]t is not the [district court's] job to review RESPA and the FDCPA to determine whether Fay violated any of their provisions." (Doc. 41, pp. 16-17). As mentioned in *Dunn*, there is no significance to the Complaint only being dismissed one time. *See Dunn*, 193 F.3d at 1191 n.5. And, the district court did review the RESPA and FDCPA claims as pleaded in the Complaint, and dismissed them based on its legal interpretation of RESPA and the FDCPA. With no factual information to add, the district court would dismiss any further amended complaint. *Faison*, 2022 U.S. App. LEXIS 5190, at *10.

Fay's reliance on *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518 (11th Cir. 1986), is misplaced, as this Court reversed the district court's decision to dismiss a case for want of prosecution. *Id.* at 1520-1521. *McKelvey* does not support Fay's contention that "Appellants' failure to challenge the dismissal for lack of prosecution in their initial brief means they have abandoned any argument that the district court abused its discretion in dismissing the case for lack of prosecution." (Fay's Answer Brief, p. 8).

Similarly, Fay's reliance on *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324 (11th Cir. 2004) is not helpful. In *Access Now*, the plaintiffs did not allege that "Southwest.com is itself a place of public accommodation" in their opening brief, and this Court held that they abandoned this argument. *Id.* at 1330. In contrast, the Borrowers properly raised their arguments in their opening brief and Fay was well aware of "the scope of the issues appealed." *Id.*

In *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678 (11th Cir. 2014), this Court held that the plaintiffs failed to properly challenge the district court's alternative holdings regarding the legal inadequacy of their claims. However, the Borrowers properly raised their arguments in their opening brief to fully address the district court's decision. *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1194 (11th Cir. 2018) (quoting *United States v. Clariot*, 655 F.3d 550, 556 (6th Cir. 2011)) ("When a district court resolves an issue, the losing party can

challenge it."). Since the Borrowers had no additional facts that would support their claims, making repleading futile, the district court fully resolved the parties' issues through its decision.

*Heath v. Terrell Cty. Sch. Dist.*, 815 F. App'x 316 (11th Cir. 2020) is factually distinguishable because the plaintiff's claims were not dismissed in their entirety through a motion to dismiss, but rather because the plaintiff repeatedly failed to comply with discovery requests and the district court's orders. *Id.* at 319-320. Fay's reliance on *Taylor v. Exec. Dir. at the Fla. Dep't of Highway Safety*, No. 22-10384, 2023 U.S. App. LEXIS 23367 (11th Cir. Sep. 1, 2023) suffers the same flaw. The plaintiff, who sought damages of $3 trillion, failed to comply with multiple court orders, including the results of magistrate's frivolity review, which ordered the plaintiff to file an amended complaint. *Id.* at *1-3. These cases concern *pro se* plaintiffs who willfully ignored direct orders from a court. Neither case contains a discussion about deciding not to file an amended complaint when such a filing would be futile.

Eleventh Circuit precedent does not require a party to replead their claims following a dismissal when doing so would be futile. *Jacob*, 40 F.4th at 1334-1335; *Reynolds*, 988 F.3d at 1319; *Dunn*, 193 F.3d at 1191 n.5. As such, Fay's argument that the Borrowers were required to challenge the district court's dismissal for lack of prosecution has no merit.

## II. THE DISTRICT COURT IMPROPERLY DISMISSED ELLERY'S FDCPA CLAIM BECAUSE FAY ENGAGED IN PROHIBITED DEBT COLLECTION ACTIVITY

Fay dedicates a good portion of its brief arguing that Ellery did not raise certain arguments concerning her FDCPA claims in the district court. This ignores that Ellery, in her opposition, properly defended her allegations in the Complaint, responded in opposition to the arguments raised by Fay in the motion to dismiss, and the district court failed to construe the Complaint in the light most favorable to Ellery.

In the Complaint, Ellery asserted a claim pursuant to 15 U.S.C. §§ 1692e and 1962e(10), based on the pleaded conduct that: (1) "Fay made false representations to Ellery … in the collection of a debt by issuing the Denials containing the patently false claim that the purchase offers did not represent arm's-length transactions;" and (2) "Fay, through its agents, representatives, and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(10) in issuing the Denials." (Doc. 21, ¶¶81-82).

In its motion to dismiss, Fay argued that Ellery did not meet the first element of a FDCPA claim, that she was the object of collection activity arising from consumer debt, because she did not allege a "communication by [Fay] that [was] made 'in connection with the collection of any debt.' Simply put, the Ellery Denial Letters do not attempt to collect a debt, rendering them unactionable under the

FDCPA." (Doc. 22, p. 8). Fay further argued that the denial letters were "informational in purpose" and made no argument that it did not use any "false, deceptive, or misleading representations or means." (Doc. 22, p. 9).

In her opposition, Ellery first defended her FDCPA claim by referencing and quoting her allegations as made in the Complaint to show that she stated a claim. (Doc. 25, pp. 4-5, 8, 16). She pointed to factual information as why the representations were false, misleading, or deceptive and how Fay's conduct prevented her from rectifying any issue Fay had with the short sale purchase offers. (Doc. 25, p. 3).

Ellery also responded to the argument Fay presented, that the denial letters were not "communications" made in connection with the collection of any debt. (Doc. 25, p. 7) ("Fay's entire argument is based on the Ellery Denial not being a communication made in connection with the collection of any debt."). Ellery argued that the denial letters were in fact communications and provided case authority to support her position. (Doc. 25, pp. 7-8).

Although the district court acknowledged that "[Ellery] respond[ed[] that 'Fay made false representations in the Ellery Denial by falsely stating that Ellery's short sale was not an 'arms-length' transaction,'" it based its decision on the argument raised by Fay, holding that Ellery had not shown a communication, because "[Ellery] could not establish that [she] was the object of collection activity arising from

consumer debt based on the communications attached to the [Complaint]." (Doc. 41, p. 8). Therefore, the district court disposed of Ellery's FDCPA claim without making a decision as to whether Fay used any false, deceptive, or misleading representation or mean, as required by the statutory language, as pleaded by the Complaint, and argued in the opposition.

As discussed, *supra*, "[w]hen a district court resolves an issue, the losing party can challenge it." *Hi-Tech Pharms.*, 910 F.3d at 1194; *Clariot*, 655 F.3d at 556. The district court determined that Ellery did not state a viable claim based on the allegations of the Complaint. (Doc. 41, pp. 6-7, 17). Ellery is permitted to challenge this determination and make new arguments on appeal. *In re Home Depot, Inc.*, 931 F.3d 1065, 1086 (11th Cir. 2019) ("If an issue is 'properly presented, a party can make any argument in support of that [issue]; parties are not limited to the precise arguments they made below.'") (citations omitted); *Sec'y, U.S. Dep't of Labor v. Preston*, 873 F.3d 877, 883 n.5 (11th Cir. 2017) ("Parties can most assuredly waive positions and issues on appeal, but not individual arguments …. Offering a new argument or case citation in support of a position advanced in the district court is permissible—and often advisable."); *VFS Leasing Co. v. Markel Ins. Co.*, 120 F.4th 745, 749-750 (11th Cir. 2024) (collecting cases).

Fay's reliance on the invited error doctrine ignores that Fay filed the motion to dismiss making the argument that the denial letters were not communications and

therefore not violative of the FDCPA. (Doc. 22, pp. 8-10). Fay makes no more than a conclusory effort to explain how the invited error doctrine applies when a district court misconstrues a plaintiff's arguments to fit in the box the defendant put them in. (*See* Fay's Answer Brief, pp. 12-13). The cases cited by Fay do not concern arguments introduced by a defendant on a motion to dismiss and responded to by the plaintiff in an opposition and are thus factually distinguishable.

Fay's substantive arguments were addressed in Ellery's opening brief. To summarize, Fay's conduct was made to induce Ellery into forgoing the short sale opportunity and settling her debt in another way (payment or allowing Fay to foreclose on her property and collect a possible deficiency judgment). These letters aimed to make Fay's attempts to foreclose on Ellery's property more likely to succeed. She would have no choice but to pay the debt or allow the foreclosure to come to its natural end, because Fay repeatedly and systematically refused to explain why the offer did not represent an arm's-length transaction. Therefore, Fay's conduct was in connection with an attempt to collect a debt. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012) ("[I]f a communication conveys information about a debt and its aim is at least in part to induce the debtor to pay, it falls within the scope of the Act."); *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010); *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011).

## III. THE DISTRICT COURT IMPROPERLY DISMISSED THE BORROWERS' RESPA CLAIMS BECAUSE FAY FAILED TO PROPERLY RESPOND TO THE BORROWERS' NOTICES OF ERROR

### A. Fay Failed to Properly Respond to the Borrowers' Errors Asserted Pursuant to 12 C.F.R. § 1024.35(b)(7).

Fay's contention that the Borrowers never pleaded a violation of 12 C.F.R. § 1024.35(b)(7) relies on a fundamental misunderstanding of the regulation at issue. The Complaint states that Fay violated 12 C.F.R. § 1024.35(e), which requires Fay to investigate errors asserted by borrowers, and attaches the exhibits showing what errors the Borrowers presented to Fay. (Doc. 21, ¶¶100-101; Doc. 21-2, Doc. 21-7). 12 C.F.R. § 1024.35(b) only lists the errors covered by RESPA. A review of the notices of error shows that the Borrowers asserted errors pursuant to 12 C.F.R. § 1024.35(b)(7), claiming that Fay failed to provide accurate information regarding loss mitigation options, as required by 12 C.F.R. § 1024.39. (Doc. 21, ¶¶38, 57; Doc. 21-2, p. 2; Doc. 21-7, p. 2). As the Borrowers properly plead a violation of 12 C.F.R. § 1024.35(e) based on the failures to properly respond to errors pursuant to (b)(7), Fay's contention is unsubstantiated.

As discussed in the Borrowers' opening brief, one of the many requirements of 12 C.F.R. § 1024.39 is to promptly inform a borrower about the availability of loss mitigation options. 12 C.F.R. § 1024.39(a). Thus, providing inaccurate information concerning the availability of a loss mitigation option is a covered error

pursuant to 12 C.F.R. § 1024.35(b). *See Simmonds v. Nationstar Mortg. LLC*, No. 5:23cv2-MW/MJF, 2024 U.S. Dist. LEXIS 187028, at *13 (N.D. Fla. Sep. 24, 2024) ("Plaintiffs' NOEs concern Defendant's various missteps with their loss mitigation application. Therefore, their NOEs properly address one of the types of error enumerated by 12 C.F.R. § 1024.35(b)(7)."). Fay makes no attempt to address *Simmonds* in its brief.

Fay's reliance on *Cilien v. U.S. Bank Nat'l Ass'n*, 687 F. App'x 789, 792 (11th Cir. 2017) is inapposite because the Borrowers did not plead a claim pursuant to 12 C.F.R. § 1024.39, which does not require the conveyance of "accurate" information[1]. By making the failure to provide accurate information concerning the availability of loss mitigation options an error rather than a direct claim, it is implied that Regulation X requires a borrower to give the mortgage servicer a chance to correct its failure through the notice of error process. The Borrowers tried to have Fay correct its errors by providing accurate information relating to their loss mitigation applications, but Fay refused to comply with 12 C.F.R. § 1024.35(e).

---

[1] Fay also cites *Canty v. Wells Fargo Bank, N.A.*, 463 F. Supp. 3d 57 (D. Mass. 2020), in support of its argument. *Canty*, however, was wrongly decided, because the court stripped the word "accurate" from 12 C.F.R. § 1024.35(b)(7), making the word superfluous. *Glazer v. Reliance Standard Life Ins.* Co., 524 F.3d 1241, 1245 (11th Cir. 2008) (applying rule of construction that a court must avoid an interpretation that would render portion of regulation "superfluous"); *Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1010 (11th Cir. 2016) (citing *Glazer*).

Despite the notices of error referencing 12 C.F.R. § 1024.35(b)(7), Fay wholly failed to address subsection (b)(7) in its motion to dismiss and only made an argument that the notices of errors did not relate to loan servicing. (Doc. 22, pp. 11-12). The Borrowers defended the pleading of the Complaint by stating that they "asserted covered errors pursuant to 12 C.F.R. § 1024.35(b)(9)[2] that Fay failed to provide accurate information regarding loss mitigation options and foreclosure, as required by 12 C.F.R. § 1024.39." Fay never responded to this argument with any substance (*see* Doc. 26, p. 6) and the district court failed to even consider the argument and only addressed subsection (b)(11) (*see* Doc. 41, pp. 8-16). It is not the Borrowers' job to draft Fay's motion to dismiss and respond to arguments that were never raised by Fay.

**B. The Notices of Error Asserted Errors Relating to the Servicing of the Borrowers' Mortgage Loans Pursuant to 12 C.F.R. § 1024.35(b)(11).**

Fay, in its motion to dismiss, claimed that the notices of errors do not relate to loan servicing, based on the argument that "loss mitigation does not relate to the "'servicing' of a loan." (Doc. 22, pp. 11-12). The Borrowers responded to this argument by citing to the Second Circuit Court of Appeals' decision in *Naimoli v. Ocwen Loan Servicing*, LLC, 22 F.4th 376 (2d Cir. 2022), wherein the Second

---

[2] As mentioned by Fay, the opposition made a typo and should have referenced subsection (b)(7). The notices of error, Complaint, and opposition, however, all explained the nature of the asserted errors to put Fay squarely on notice.

Circuit discussed the difference between errors relating to a loss mitigation evaluation (not permitted) and those relating to processing a loss mitigation option after a decision had been made (permitted as "relating to servicing."). (Doc. 25, pp. 9-13).

Fay evaluated the Borrowers' loss mitigation applications and approved them to participate in short sales. (Doc. 21, ¶16; Doc. 21-2, p. 2). The evaluation was complete. The Borrowers each submitted a purchase offer for an arm's-length transaction to Fay. (Doc. 21, ¶¶17-18). Despite the Borrowers' purchase offers representing arm's length transactions, Fay sent correspondence in response to the same stating that the purchase offers were denied because each "transaction is not arm's-length." (Doc. 21, ¶19). Fay did not provide any further explanation as to the reasoning in the Denials as "[t]he transaction is not arm's-length" was checked-off. (Doc. 21, ¶20).

Knowing and fully believing that the purchase offers were the result of arm's-length transactions, the Borrowers sent notices of errors to Fay. (Doc. 21, ¶38; Doc. 21-2, pp. 2-3) (Ellery); (Doc. 21, ¶57; Doc. 21-7, pp. 2-4) (Patino). Upon receipt, Fay had two options: (1) correct the asserted errors; or (2) provide a statement of reasons as to why no error existed. 12 C.F.R. § 1024.35(e)(1)(i). Fay did neither and simply regurgitated the contents of previous correspondence sent to the Borrowers and violated 12 C.F.R. § 1024.35(e). Fay failed to provide a statement of reasons

explaining **why** its previous statements that the short sale purchase offers were not the result of arm's-length transactions were accurate.

Fay's discussion about the language of 12 C.F.R. § 1024.35 is irrelevant because the purpose of the catch-all is to broadly cover "any other error relating to the servicing of a borrower's mortgage loan." 12 C.F.R. § 1024.35(b)(11). In *Naimoli*, the Second Circuit stated that standard of whether a loss mitigation error is permitted pursuant to subsection (b)(11) should be whether the errors identified were correctable without overturning the mortgage servicer's determination regarding the loss mitigation application. *Naimoli*, 22 F.4th at 384.

The substantive body of the notices of error specified errors in the processing of the short sale offers, and did not challenge any decision of Fay based on the Borrowers' eligibility for a loss mitigation option. (Doc. 21-2) ("This is a notice of error in the processing of the short sale option for Janice Ann Ellery[.]"); (Doc. 21-7) ("This is a notice of error in the processing of the short sale option for Lillian Patino[.]"). This is because Fay had already made the decision to offer the Borrowers a short sale. The errors that the Borrowers' identified are correctable without overturning Fay's evaluation or decision to approve the Borrowers to participate in short sales in the first place. It has no bearing on Fay's loss mitigation determination.

The Borrowers and Fay (and the district court) have a fundamental disagreement about the contents of notices of error. The district court went out of its

way to determine that the notices of error concerned loss mitigation evaluations. As discussed in great detail in the Borrowers' opening brief, the district court failed to construe the Complaint's factual allegations and exhibits in the light most favorable to the Borrowers and instead mischaracterized the parties' dispute. *See McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004). Again, "[w]hen a district court resolves an issue, the losing party can challenge it." *Hi-Tech Pharms.*, 910 F.3d at 1194; *Clariot*, 655 F.3d at 556. The distinction between errors concerning a loss mitigation evaluation and errors concerning the implementation of a loss mitigation option or loss mitigation procedures is therefore properly discussed in the Borrowers' opening brief.

Fay also argues that the Borrowers' conceded before the district court that they did not know whether Fay erred in denying their short-sale applications. (Doc. 24, p. 26). A quick reading of the regulatory text shows that this argument is baseless. A notice of error must assert an "error the borrower **believes** has occurred." 12 C.F.R. § 1024.35(a) (emphasis added). The Borrowers are not required to state with certainty that a particular error occurred, and instead asserted errors they believed to have occurred based on Fay's wrongful statements in the denial letters. That is exactly what the Borrowers did. Therefore, the Borrowers' counsel's statements at oral argument do not carry the weight Fay assigns to them.

## CONCLUSION

For the foregoing reasons, as well as those set forth in their opening brief, Plaintiffs-Appellants Janice Ellery and Lilian Patino's respectfully request that the judgment of the district court be reversed and this matter be remanded for further proceedings.

**Date**: March 17, 2025

Respectfully submitted:

/s/ *Daniel M. Solar*
Daniel M. Solar, Esq.
(OH Bar No. 0085632)
(admitted *pro hac vice*)
**DANN LAW**
15000 Madison Ave.
Lakewood, OH 44107
T: (216) 373-0539
F: (216) 373-0536
notices@dannlaw.com

Bruce Botsford, Esq.
(FL Bar No. 31127)
**LAW OFFICE OF BRUCE BOTSFORD, P.A.**
1005 W State Road 84 # 472
Fort Lauderdale, FL 33315-2433
T: (954) 663-7002
F: (216) 373-0536
service@botsfordlegal.com
supportleader@botsfordlegal.com
botslaw@gmail.com

*Counsel for Plaintiffs-Appellants*
*Janice Ellery and Lilian Patino*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, a copy of the foregoing Appellants'

Reply Brief was filed electronically. Notice of this filing will be sent to all parties

by operation of the Court's electronic filing system. Parties may access this filing

through the Court's system.

/s/ *Daniel M. Solar*
Daniel M. Solar, Esq.
**DANN LAW**
*Counsel for Plaintiffs-Appellants*
*Janice Ellery and Lilian Patino*